*1229 OPINION.
Milliken :
The only question for decision is that of the affiliation of the petitioners, the Bank of Italy and the First National Bank of Fresno, Calif., during the year 1920 and from January 1, 1921, to August 23, 1921.
In cases arising under section 240 of the Revenue Act of 1918, we have many times stated that the decision can not rest in and of itself on mere percentage computation as to the ownership or control of stock. Counsel for the respective parties have cited to us many of our decisions where the percentage of ownership or control of stock has varied, and where the percentage is less or greater than in the instant proceeding they are relied upon as authority for their positions and as decisive of the case at bar. The problem of affiliation is not one where general rules of application can be laid down. Each case is a separate problem. The facts and circumstances of the organization, conditions surrounding the acquisition of stock, operation of the companies and the result to be or accomplished must be given their proper significance.
The Bank of Italy prior to the year 1920 had decided to acquire the stock of the Bank of Fresno and cause the latter to be made one of its branches. By the first few days of the year 1920 it had acquired, through one of its affiliated holding companies, approximately 85 per cent of the outstanding stock. The vice president of the Bank of Italy testified that the Fresno bank was not immediately liquidated solely as a matter of policy. It was deemed best to make liquidation a gradual process and thus retain the good will of the depositors of the Fresno bank, adjust personnel problems and allow sufficient time for a complete advantageous business adjustment. The Bank of Italy felt that nothing would be lost by such strategy. The 85 per cent of the stock was acquired with only one purpose in view and that was to make the Fresno bank one of its branches. During the year 1920, and until liquidation, the Bank of Italy directed the policies of the Fresno bank, the executives of the former were at all times in touch with and dictating the business policies to be pursued. If the interest rate was to be reduced to make the same in line with that charged by the Bank of Italy, that was done. If the latter believed real estate should be purchased or loans extended, that was done. A large amount of correspondence passing between the two banks during the period in question was introduced, and from it we can not doubt the very active and positive control exercised by the Bank of Italy.
When in June, 1921, at which time the stock ownership was substantially the same as at January, 1920, the Stockholders Auxiliary Corporation believed the time was opportune to effect a complete *1230 liquidation of the Bank of Fresno, that act was in strict conformity with the purpose in mind when the stock was acquired and the climax of liquidation is illustrative of their control of the Bank of Fresno during the period now in controversy.
We believe the petitioners were affiliated and should file consolidated returns. Any other conclusion would result in placing an undue emphasis on mere percentages of stockholdings, to the exclusion of the facts and circumstances obtaining, which in this case outweigh the former.

Judgment will be entered wader Bule 50.